# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2141V

|  |  |
|---|---|
| KAY SPACHT,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2025 |

*Elizabeth Ellis Simek*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 19, 2023, Kay Spacht filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine received on October 25, 2022. Petition, ECF No. 1. On March 19, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $84,232.00 (representing $81,575.70 in fees, plus $2,656.30 in costs). Application for Attorneys' Fees and Costs ("Motion") filed May 4, 2025, ECF No. 35. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39.

Respondent reacted to the motion on May 7, 2025, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. However, Respondent considers the amount requested by Petitioner to be excessive for a quickly settled non-surgical SIRVA case with minimal records filed, and urges consideration of an overall percentage reduction. Response at 2, 4. ECF No. 36. On May 8, 2025, Petitioner filed a reply arguing that the amount of fees and costs requested in Petitioner's motion be awarded. ECF No. 37.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by attorney Jonathan Svitak through 2024 are reasonable and consistent with our prior determinations, and will therefore be awarded herein. However, the rates requested for work performed by Elizabeth Simek and Joseph Shannon require adjustment.

Ms. Simek was previously awarded lesser rates of $492.00 for work performed in 2023, and $530.00 for work performed in 2025. *See Fredericks v. Sec'y of Health & Human Servs.*, No. 23-2030V, 2025 WL 2588963 (Fed. Cl. Spec. Mstr. Aug. 11, 2025); *Alba v. Sec'y of Health & Human Servs.*, No. 23-2098V, 2024 WL 5321762 (Fed. Cl. Spec. Mstr. Dec. 13, 2024). Mr. Shannon was previously awarded a lesser rate of $500.00 for work performed in 2023. See *Wood v. Sec'y of Health & Human Servs.*, No. 24-0130V, 2025 WL 2160720 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from these reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward for the same timeframe in subsequently-determined fees motions. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce their rates to be consistent with *Fredericks, Alba,* and *Wood*. **Application of the foregoing reduces the amount of fees to be awarded by $812.20.**[3]

### B. Paralegal Tasks Improperly Billed

The billing records reveal that many of the tasks performed by attorneys Elizabeth Simek and Jonathan Svitak in this matter would have been more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should

---

[3] This amount consists of reducing attorney Simek's rates for years 2023 and 2025 and reducing attorney Shannon's rate for 2023 and is calculated as follows: ($560.00 - $530.00 = $30.00 x 17.20 hrs.) + ($500.00 - $492.00 = $8.00 x 33.90 hrs.) + ($550.00 - $500.00 = $50.00 x 00.50 hrs.) = $812.20.

[4] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests and drafting basic documents such as an exhibit list, PAR questionnaire, notice

3

not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

C. *Other Unreasonable Fees*

The overall amount of time dedicated to drafting the Petition and Demand in this case was facially excessive, reflecting a combined total of approximately 53.20 hours. The Petition consists of nine pages total, not including the certificate of service or the routine cover sheet. ECF No. 1. Per the billing records, a draft was completed by another attorney at the firm, and his time is not included in the approximately 16.20 hours it took Ms. Simek to finalize the petition. She also billed approximately 37 hours to draft the demand. This amount is likewise excessive for a non-surgical SIRVA case that does not contain a large volume of medical records. In determining the number of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).

D. *Summary of Fees Adjustments*

Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* The attorney's fees sought in this matter ultimately exceed Petitioner's recovery, and are facially high overall, especially compared to SPU cases generally. Counsel must in the future ensure not to bill sums to a matter where the disparity between time expended by counsel and the Petitioner's award is so readily evident.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

---

of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include, but are not limited to, the following: 8/4/2023, 10/18/2023, 10/25/2023, 11/20/2023, 1/29/2024 (two entries), 2/7/2024 (two entries), 2/12/2024, 2/13/2024, 2/14/2024, 2/15/2024, 3/14/2024 (two entries). ECF No. 35-2 at 1-29.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *ten percent* as a fair adjustment to account for the issues mentioned. **Application of the foregoing reduces the total amount of fees to be awarded by $8,157.57.**[5]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 35-4 at 1-21. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $75,262.23 (representing $72,605.93 in fees plus $2,656.30 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] This amount is calculated as follows: $81,575.70 x 0.10 = $8,157.57.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.